# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JASON HART, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:09CV67MLM |
| GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

Before the court is the Motion for Leave to Dismiss Without Prejudice filed by Plaintiff Jason Hart ("Plaintiff"). Doc. 18. Defendant Globe Life and Accident Insurance Company ("Defendant") filed a Memorandum in Opposition to Plaintiff's Motion for Leave to Dismiss Without Prejudice. Doc. 19. Plaintiff filed a Reply. Doc. 20. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 22.

## DISCUSSION

Plaintiff's Complaint seeks enforcement of a Settlement Agreement between Plaintiff and Defendant whereby Defendant allegedly agreed to pay benefits to Plaintiff as beneficiary of a life insurance policy. Doc. 1, Ex. A. In the pending Motion Plaintiff seeks to dismiss his Complaint, without prejudice, in light of his being indicted by the United States Attorney for the Eastern District of Missouri. The indictment alleges that Plaintiff committed fraud in connection with the life insurance policy at issue in Plaintiff's Complaint. Doc. 18, ¶ ¶ 5, 7.

Plaintiff brings his Motion to Dismiss Without Prejudice pursuant to Fed. R. Civ. P. 41(a) which states that after a defendant has filed its answer a plaintiff may dismiss without prejudice "upon order of the court and upon such terms and conditions as the court deems proper." Defendant argues

that dismissal should be with prejudice. In the alternative, Defendant contends that it should be reimbursed for costs, expenses, and attorneys' fees in the event Plaintiff refiles this same cause of action.

Upon considering whether Plaintiff should be permitted to dismiss his Complaint without prejudice, this court must take into consideration relevant factors, including prejudice which Defendant would suffer in the event Plaintiff refiles, as well as Plaintiff's conduct in the course of litigation. See Kern v. TXO Production Corp., 738 F.2d 968, 970 (8th Cir. 1984). If the court determines that the Motion to Dismiss Without Prejudice should be granted, the court may, based on the circumstances of the case, "impose a condition with respect to costs and attorneys' fees" in regard to Plaintiff's refiling the same cause of action. Id. at 971-72. See also Belle-Midwest, Inc. v. Missouri Property & Cas. Ins. Guarantee Ass'n, 56 F.3d 977, 978-79 (8th Cir. 1995) ("[U]nder certain circumstances, it is an abuse of discretion for a district court not to condition a voluntary dismissal upon plaintiff's payment of costs and attorney's fees if the case is refiled.").

Defendant has incurred expenses defending this matter and will incur duplicative expenses in the event Plaintiff's motion is granted and Plaintiff refiles at a later date. Further, Plaintiff has failed to answer numerous interrogatories and requests for admission. On the other hand, Plaintiff has stated good cause to dismiss without prejudice. The court finds, therefore, that Plaintiff's Motion to Dismiss Without Prejudice should be granted. The court finds, however, given Defendant's expenditures and Plaintiff's violation of discovery rules, that as a condition of Plaintiff refiling the same cause of action he must pay Defendant's costs, expenses, and reasonable attorneys' fees. See e.g., Ward v. Cisco Sys., Inc., 2008 WL 4079286, at *2 (W.D. Ark. Aug. 28, 2008) (unreported). As such, Defendant shall be required, within ten days of its being served with Plaintiff's refiled

Complaint, a bill of costs and an itemization of expenses and attorneys' fees for which it seeks reimbursement from Plaintiff.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Without Prejudice is **GRANTED**; Doc. 18

**IT IS FURTHER ORDERED** that in the event Plaintiff refiles this same cause of action against Defendant, whether in State or Federal court, as a pre-condition for the refiled cause of action to proceed, Plaintiff shall pay Defendant expenses, costs, and attorneys' fees it incurred in the instant cause of action;

**IT IS FURTHER ORDERED** that, within ten (10) days of Plaintiff's refiling this same cause of action against Defendant, Defendant shall file a statement of costs, expenses, and attorneys' fees.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**, as moot; Doc. 16

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of June, 2009.

---

[1] The court need not determine at this time exactly what costs, expenses, and attorneys' fees Plaintiff will be required to pay Defendant.